UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAUL TIJERINA, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 14 C 343 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| KIM BUTLER,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Raul Tijerina, who is currently incarcerated at Menard Correctional Center, is serving a sixty year sentence for first degree murder and a consecutive forty year sentence for intentional homicide of an unborn child. Tijerina has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss Tijerina's petition as time-barred, arguing that Tijerina failed to file it within the one-year limitations period and that equitable and statutory tolling do not apply. Because the Court finds that further factual development is necessary as to whether Tijerina is entitled to equitable or statutory tolling, the Court grants an evidentiary hearing on the issue and denies the motion to dismiss [7] without prejudice.

## BACKGROUND

Following a jury trial in the Circuit Court of Cook County, Illinois, Tijerina was convicted of first degree murder and intentional homicide of an unborn child. The Illinois Appellate Court affirmed his conviction on March 31, 2008. He filed a petition for leave to

---

[1] Kim Butler is presently the warden at Menard Correctional Center and is substituted as the proper Respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

appeal ("PLA") in the Illinois Supreme Court, which was denied on September 24, 2008. Tijerina did not file a petition for a writ of certiorari with the United States Supreme Court.

On January 23, 2009, Tijerina filed a *pro se* post-conviction petition pursuant to 725 Ill. Comp. Stat. § 5/122-1. The trial court dismissed Tijerina's petition as frivolous and without merit. The Illinois Appellate Court affirmed the dismissal of Tijerina's post-conviction petition on January 26, 2011. The Illinois Supreme Court denied Tijerina's PLA on May 25, 2011.

On December 12, 2011, Tijerina filed a petition for relief from judgment pursuant to 735 Ill. Comp. Stat. 5/2-1401. The trial court denied the petition on February 7, 2012. Tijerina appealed the denial of his petition for relief from judgment, but his appointed counsel moved to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987), contending that an appeal would be meritless. The Illinois Appellate Court granted appointed counsel's motion and affirmed the trial court's order on May 10, 2013. Tijerina did not file a PLA in the Illinois Supreme Court. Tijerina filed the instant petition for a writ of habeas corpus on January 13, 2014.

## ANALYSIS

Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to petitions for a writ of habeas corpus. The limitations period typically begins to run on the date on which Tijerina's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Here, Tijerina's judgment became final on December 23, 2008, when the time for filing a writ of certiorari with the U.S. Supreme Court on his direct appeal expired. *See Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 653–54, 181 L. Ed. 2d 619 (2012) (judgment becomes final when time for pursuing direct review in Supreme Court expires); *Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002) ("Because the plain

terms of section 2244 include the period for seeking direct review, regardless of whether or not a petitioner chooses to avail himself or herself of that opportunity, we believe that the ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run.").

The statute of limitations is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But from the time Tijerina's judgment became final until he filed his post-conviction petition on January 23, 2009, thirty days of untolled time elapsed. The limitations period was then tolled until the Illinois Supreme Court denied Tijerina's post-conviction PLA on May 25, 2011. 200 more days elapsed until Tijerina filed his § 2-1401 petition on December 12, 2011. Tolling applied from then until May 10, 2013, when the Illinois Appellate Court affirmed the trial court's denial of Tijerina's § 2-1401 petition. *See Lawrence v. Florida*, 549 U.S. 327, 332–33, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (statute of limitations is tolled only while state courts review a post-conviction petition or other petition for collateral review, and not during the time in which a petitioner could seek further review of that petition). Another 247 days ran until Tijerina filed his § 2254 petition with this Court on January 13, 2014. In sum, 477 days of untolled time elapsed between Tijerina's conviction becoming final and the filing of this § 2254 petition, making his filing untimely.

Tijerina contends, however, that he is entitled to both statutory and equitable tolling because he is illiterate, Menard Correctional Center has consistently been on lockdown, and he has had a lack of legal assistance as a result of Illinois Department of Corrections policies, including insufficient library access. Although not well-developed, his statutory tolling

argument is essentially that the limitations period should have started to run at some later date than when his judgment became final pursuant to § 2244(d)(1)(B). Section 2244(d)(1)(B) provides that the limitations period may start on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." The burden is high, however, with Tijerina required to demonstrate that the state-created restrictions prevented him from filing his petition. *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.").

The Seventh Circuit has recognized that "[l]ack of library access can, in principle, be an 'impediment' to the filing of a collateral attack." *Estremera v. United States*, 724 F.3d 773, 776 (7th Cir. 2013) (analyzing § 2255(f)(2), the parallel statute of limitations provision for § 2255 petitions). This is a factual question. *Id.* at 777 (finding that an evidentiary hearing was required to determine whether lack of library access was an impediment, for "[t]o hold that the absence of library access may be an 'impediment' in principle is not necessarily to say that lack of access was an impediment for a given prisoner"); *see also Moore v. Battaglia*, 476 F.3d 504, 508 (7th Cir. 2007) (remanding for evidentiary hearing regarding whether inadequate library provided basis for statutory or equitable tolling). Construing Tijerina's filings liberally, as the Court must do for *pro se* pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), Tijerina has at least alleged that he did not have access to the law library, or that his access was severely limited, in part due to the continuous lockdowns and other rules imposed by the Illinois Department of Corrections on law library access. Determining whether these allegations actually amount to an impediment that prevented Tijerina from filing requires an

4

evidentiary hearing.  *See Estremera*, 724 F.3d at 777; *Moore*, 476 F.3d at 508; *Latimore v. Roberson*, No. 14 C 2926, 2014 WL 6478110, at *6 (N.D. Ill. Nov. 19, 2014).

Alternatively, Tijerina argues that he is entitled to equitable tolling on the same grounds.  To be entitled to equitable tolling, Tijerina bears the burden of showing that (1) he has been diligently pursuing his right and (2) some extraordinary circumstance stood in his way to prevent his timely filing.  *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).  The Court is to consider all the circumstances Tijerina faced and "the cumulative effect of those circumstances," instead of viewing each in isolation.  *Socha v. Boughton*, 763 F.3d 674, 686 (7th Cir. 2014).  Many of the circumstances Tijerina alleges, on their own, have been found not to qualify as extraordinary for the purposes of equitable tolling.  *See, e.g.*, *id.* at 685 ("Incarceration alone, for example, does not qualify as an extraordinary circumstance. . . . Nor is lack of legal knowledge, another feature shared by the overwhelming majority of prisoners, by itself enough to justify equitable tolling."); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[A] prisoner's limited access to the prison law library is not grounds for equitable tolling."); *Blackwell v. McCann*, No. 06 C 6789, 2008 WL 4442631, at *7 (N.D. Ill. Sept. 29, 2008) (persistent lockdowns "are not 'extraordinary' in prisons, and if they justified equitable tolling, the habeas statute of limitations period would be tolled for many prisoners, and its purpose would be defeated").  The Seventh Circuit has not definitively ruled on whether illiteracy qualifies, although the majority of circuits to consider the issue have found it does not.  *See United States v. Prieto*, No. 2:05-cr-139, 2012 WL 12539, at *4 (N.D. Ind. Jan. 3, 2012) (collecting cases).  Even so, the Seventh Circuit, in *Socha*, recognized that equitable tolling could be appropriate when a confluence of factors, including limited library access, prevented the filing of a habeas petition within the limitations period.  763 F.3d at 686–87.

5

Respondent argues that even if Tijerina could establish extraordinary circumstances, he is not entitled to equitable tolling because he cannot show diligence, having waited over six months after the denial of his post-conviction petition to file his § 2-1401 petition and another eight months before filing his § 2254 petition. *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 419, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (waiting five months after conclusion of state post-conviction proceedings to file federal habeas petition shows lack of diligence). But there may have been a reason for this delay. Tijerina submits that he has requested lockdown records but that his requests have gone unanswered. This and other similar information would allow the Court to determine whether Tijerina acted with diligence. Further development of the record is necessary, warranting discovery and an evidentiary hearing. *See, e.g.*, *United States ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1040–42 (N.D. Ill. 2008) (lack of prison law library access could be a viable basis for equitable tolling), *on reconsideration*, 2009 WL 3060267 (N.D. Ill. Sept. 21, 2009) (concluding that petitioner was not entitled to equitable tolling or a later start date under § 2244(d)(1)(B) after evidentiary hearing).

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss [7] is denied without prejudice. The Court grants an evidentiary hearing as to whether Tijerina is entitled to statutory or equitable tolling. On its own motion, the Court assigns The Federal Defender Program to represent Tijerina in accordance with counsel's trial bar obligations. A status hearing is set for May 12, 2015 at 9:30 a.m. to set a date for the evidentiary hearing.

Dated: February 27, 2015

SARA L. ELLIS
United States District Judge